UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KAYLA SANDERS,

    Defendant.
_____/

Case No. 18-cr-20151-10
and 19-cr-20162
Hon. Matthew F. Leitman

**ORDER DENYING MOTIONS FOR COMPASSIONATE RELEASE**

Defendant Kayla Sanders is currently serving sentences imposed by this Court in two separate cases. In case number 18-20151 (the "2018 Case"), Sanders pleaded guilty to participating in a wire fraud conspiracy. As part of the conspiracy, Sanders committed fraud against Wal-Mart on more than fifty separate occasions in thirteen different states, resulting in a loss amount of just less than $200,000. On December 4, 2018, the Court sentenced Sanders to serve forty months in custody in the 2018 Case.

In case number 19-20162 (the "2019 Case"), Sanders pleaded guilty to participating in a wire fraud conspiracy and to failing to surrender to serve a federal sentence (the one that the Court had imposed in the 2018 Case. As part of the conspiracy in the 2019 case, Sanders committed against Target the same fraud conspiracy that she had committed against Walmart in the 2018 Case. And she did

1

so while out on bond (awaiting to begin serving her sentence) in the 2018 Case. Sanders committed the fraud against Target in four states and on more than fifteen different occasions, resulting in a loss amount of roughly $15,000. On September 9, 2019, the Court sentenced Sanders to serve thirty-three months in custody in the 2019 Case, and the Court directed that the sentence be served consecutively to the sentence imposed in the 2018 Case.

Sanders has now filed motions for compassionate release in both the 2018 Case (ECF No. 402) and the 2019 Case (ECF No. 22). The motions are DENIED.

A federal statute, 18 U.S.C. §3582(c)(1)(A), describes when a court may grant a prisoner compassionate release:

> [T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

§ 3582(c)(1)(A). One district court has offered the following helpful explanation concerning how to apply the compassionate release statute in conjunction with the Sentencing Commission's guidance:

> [P]ursuant to the statutory directive in 18 U.S.C. § 3582(c)(1)(A) and in conjunction with the Sentencing

2

> Commission guidance provided in U.S.S.G. § 1B1.13, the Court must consider three issues in evaluating [a federal prisoner's] Compassionate Release application: (i) whether extraordinary and compelling reasons warrant a sentence reduction consistent with the Sentencing Commission's policy statement, (ii) whether [the prisoner] is "a danger to the safety of any other person or to the community," and (iii) whether the section 3553(a) factors "to the extent they are applicable," weigh in favor of a sentence reduction. *United States v. Bellamy*, 2019 WL 3340699, at *2 (D. Minn. July 25, 2019); [*United States v.*] *York*, 2019 3241166, at *5 [E.D. Tenn. July 18, 2019]; *United States v. Beck*, 2019 WL 2716505, at *7 (D.N.C. June 28, 2019); *United States v. Johns*, 2019 WL 2646663, at *3-4 (D. Ariz. June 27, 2019); [*United States v.*] *McGraw*, 2019 WL 2059488, at *3 [S.D. Ind. May 9, 2019].

*United States v. Wong Chi Fai*, No. 93-cr-1340, 2019 WL 3428504, at *2 (E.D.N.Y. July 30, 2019).

As an initial matter, it is not clear that Sanders is even eligible for compassionate release because she has provided no indication that she has administratively exhausted her release request. See *United States v. Alam*, 960 F.3d 831, 833–36 (6th Cir. 2020) (holding that inmate must exhaust request for compassionate release before district court may grant such release). Likewise, it is not clear that Sanders could establish extraordinary and compelling circumstances warranting her release. But even if Sanders had exhausted her claim for compassionate release and even if she had shown extraordinary and compelling circumstances, the Court would still deny her motions for compassionate release

3

because the factors under 18 U.S.C. §3553(a) weigh heavily against release. *See United States v. Chambliss*, 948 F3d. 691 (6th Cir. 2020) (affirming decision of district court to deny compassionate release on ground that §3553(a) factors weighed against release).

To begin, the nature and circumstances of Sanders' offenses were very serious. She engaged in two separate fraud conspiracies involving roughly sixty-five separate instances of fraud committed in more than ten different states. Her fraud caused substantial financial harm to Walmart and Target, and, as the Court emphasized at sentencing, also harmed employees of those companies who came under suspicion for stealing the money that Sanders had obtained by fraud. Moreover, Sanders committed the crimes in the 2019 Case while free on bond in the 2018 Case. That showed a lack of respect for the law and for court orders and an inability to comply with the terms of supervision. Indeed, the Court has no confidence that Sanders would comply with the conditions of her supervised release if the Court terminated her custody now and permitted her to begin serving her period of supervised release.

Next, releasing Sanders now would undermine the goal of imposing sufficient punishment for her offenses. She has served less than one-half of the total sentence imposed upon her. That is simply not enough punishment for the serious offenses that Sanders committed.

In addition, granting compassionate release would be inconsistent with the goal of deterrence. That Sanders committed her offenses so many times and that she did so while free on bond indicates that a lengthy sentence is needed to deter her from re-offending.

Furthermore, releasing Sanders now would undermine, not promote, respect for the law. As noted above, Sanders showed a serious lack of respect for the law and for court orders when she committed the offenses in the 2019 Case while free on bond in the 2018 Case. A lengthy sentence is necessary to impress upon Sanders the need to respect laws and orders.

In sum, granting compassionate release now would be wholly inconsistent with the goals of sentencing under 18 U.S.C. §3553(a). Accordingly, the Court DENIES Sanders' motions for compassionate release in both the 2018 Case and the 2019 Case.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: September 15, 2020

     I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 15, 2020, by electronic means and/or ordinary mail.

                                      s/Holly A. Monda  
                                      Case Manager  
                                      (810) 341-9764